## Richmond

## VIRGINIA SUPERMARKETS, t/a URBANNA MARKET AND OLD REPUBLIC INSURANCE COMPANY

v.

## ELIZABETH STORM GEORGE

No. 1715-93-2

Decided May 31, 1994

COUNSEL

Glenn S. Phelps (R. Ferrell Newman; Thompson, Smithers, Newman & Wade, on brief), for appellants.

(Roger G. Hopper, on brief), for appellee.

OPINION

**MOON, C.J.**—The Workers' Compensation Commission awarded Elizabeth Storm George compensation based upon a determination that she contracted an occupational disease, carpal tunnel syndrome. The sole issue on appeal is whether George's carpal tunnel syndrome is a disease within the meaning of Code § 65.2-400 and the holding of *Merillat Industries, Inc. v. Parks*, 246 Va. 429, 436 S.E.2d 600 (1993).

In *Merillat*, the claimant suffered from a torn rotator cuff which resulted from repetitive overhead lifting and manipulation with his left arm. The Supreme Court of Virginia held that a plain reading of Code § 65.1-46,[1] the occupational disease statute, requires that the condition for which compensation is sought as an occupational disease must first qualify as a disease. It concluded that the claimant's condition was not a disease.

It appears from the record that the commission assumed but failed to find that George's carpal tunnel syndrome, which also resulted from repetitive activity, was a disease. That assumption was justified in light of this Court's holding that carpal tunnel syndrome is compensable as an occupational disease upon proof of the six requirements of Code § 65.2-400. *Knott v. Blue Bell, Inc.*, 7 Va. App. 335, 337 n.2, 373 S.E. 2d 481, 482 n.2 (1988). However, we interpret *Merillat* to require a separate finding, based upon credible evidence, that the condition is a disease. *Merillat*, 246 Va. at 433, 436 S.E.2d at 602.

Therefore, we remand this case for the commission to make a factual finding whether George's carpal tunnel syndrome is a disease within the meaning of that term in Code § 65.2-400. *See Piedmont Mfg. Co. v. East*, 17 Va. App. 499, 438 S.E.2d 769 (1993); *Department of State Police v. Haga*, 18 Va. App. 162, 442 S.E.2d 424 (1994). In view of the developments in the law since this case was decided before the commission, we direct the commission to allow both parties the opportunity to present additional evidence concerning whether the condition is a disease.

*Reversed and remanded.*

Elder, J., and Cole, S.J., concurred.

---

[1] Title 65.1, the Workers' Compensation Act, was recodified effective 1991 as Title 65.2. Code § 65.1-46 was redesignated § 65.2-400. There were no substantive changes.