COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Fitzpatrick
Argued at Alexandria, Virginia

SHOPPERS FOOD WAREHOUSE AND
 ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS

v.        Record No. 2175-94-4            MEMORANDUM OPINION[*] BY
                                       JUDGE JOHANNA L. FITZPATRICK
DEBORAH SUE CUMMINS                          MAY 2, 1995


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

     Joseph C. Veith, III (Kathryn A. K. Untiedt; Montedonico,
     Hamilton & Altman, P.C., on brief), for appellants.

     Michael W. Heaviside (Ashcraft & Gerel, on brief), for
     appellee.

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Shoppers Food Warehouse and Zurich American Insurance Company of Illinois (collectively referred to as employer) appeal the commission's decision awarding benefits to Deborah Sue Cummins (claimant). Employer argues that the commission erred in concluding that claimant's carpal tunnel syndrome was a disease based on her doctor's testimony that carpal tunnel syndrome is an ordinary disease of life.[1] We reverse and remand for the commission to consider the medical record in light of this Court's decision in Piedmont Mfg. Co. v. East, 17 Va. App. 499, 438 S.E.2d 769 (1993).

Claimant was a grocery checker for employer for four years. Her job involved twisting, bending, and flexing of her wrists as she scanned groceries. In March 1993, claimant experienced some numbness and tingling in her hands. On April 2, 1993, claimant sought medical treatment from Dr. Aysegul Soyer, who noted that claimant had "positive Tinel's sign across both wrists" and diagnosed her condition as bilateral carpal tunnel syndrome.

Claimant was referred to Dr. G. A. Nejad for surgery. Dr. Nejad performed release surgeries on claimant's hands on July 14 and October 20, 1993. In an October 14, 1993 deposition, Dr. Nejad agreed that carpal tunnel syndrome is an ordinary disease of life but failed to identify carpal tunnel syndrome as a disease. The commission found that claimant's carpal tunnel

---

[1]Employer raised two other issues on appeal. We do not address those issues because we reverse and remand for the determination of disease issue.

2

syndrome was a disease based on Dr. Nejad's deposition statement.

In Merillat Indus., Inc. v. Parks, 246 Va. 429, 436 S.E.2d 600 (1993), the Supreme Court of Virginia held that the Workers' Compensation Act "requires that the condition for which compensation is sought as an occupational disease must first qualify as a disease." Id. at 432, 436 S.E.2d at 601. "[T]he record must support a finding . . . [of] disease." Id. at 433, 436 S.E.2d at 602.

In this case, Dr. Nejad's affirmative response to whether carpal tunnel syndrome is an ordinary disease of life is the only evidence in the record that claimant's condition is a disease. The commission did not specifically find that either Dr. Nejad or Dr. Soyer made the threshold determination of disease required by Merillat. In making its disease determination, the commission relied on Dr. Nejad's statement and failed to consider whether the record supported a finding of disease under the definition of disease set forth in Piedmont. 17 Va. App. at 503, 438 S.E.2d at 772. See also Commonwealth, Dep't of State Police v. Haga, 18 Va. App. 162, 166-67, 442 S.E.2d 424, 426 (1994) (examining the medical record in light of the definition of disease approved in Piedmont).

Thus, we remand this case for the commission to make a factual determination whether claimant's carpal tunnel syndrome is a disease in light of the definition in Piedmont. See Virginia Supermarkets v. George, 18 Va. App. 452, 453, 445 S.E.2d

3

156, 157 (1994) (remanding to the commission to make a factual finding whether George's carpal tunnel syndrome was a disease). We direct the commission to allow the parties to present additional evidence concerning whether claimant's carpal tunnel syndrome is a disease under the Piedmont definition.

Accordingly, the decision of the commission is reversed and remanded.

Reversed and remanded.