## CIRCUIT COURT OF FAIRFAX COUNTY

Bonnie C. Ruane

v.

Virginia Real Estate Board

June 6, 1995

Case No. (Chancery) 137380

BY JUDGE M. LANGHORNE KEITH

This appeal of a decision of the Virginia Real Estate Board ("VREB" or the "Board") came on for a hearing on May 25, 1995. On October 13, 1994, the Board denied Mrs. Ruane's petition for a waiver of the experience requirement contained in VREB Regulation § 2.3.A.2.[1] Along with her challenge to the Board's decision, Mrs. Ruane challenges the constitutionality of the Board's Regulations. The Court declines to reach that issue, as in appeals under Article 4 of the Virginia Administrative Process Act, the Court is prohibited from reviewing the validity of any statute, regulation, standard, or policy upon which the action of the agency was based. Va. Code Ann. § 9-6.14:16.

As a preliminary matter, the Board moved to dismiss this appeal on the ground that the Board's decision was not a case decision as defined in Va. Code Ann. § 9-6.14:4.(D). *Carpenter v. Virginia Real Estate Board*, 20 Va. App. 100 (1995). In *Carpenter* the appellant argued that the ministerial issuance of his license based on reciprocity amounted to *res judicata*.

---

[1] The Board minutes indicate that Mrs. Ruane did not meet the experience requirements contained in the VREB Regulation § 2.1.C. The Board admitted that this was an error and submitted an affidavit and certified, corrected copy of the minutes correcting the citation to § 2.3.A.2. The Court accepts this correction to the record. Mrs. Ruane in her petition alleges that the Board has a blanket policy of not considering legal experience in making waiver determinations. There is nothing in the record to indicate whether or not the Board has such a policy.

Carpenter's license was issued by the staff without a hearing, see *Carpenter, supra* at 104. The Court of Appeals held that the granting and renewal of licenses did not involve the quasi-judicial processes of the Board and thus were not "case decisions." Here, Ms. Ruane's petition was for a waiver, and the Board acted on that petition. In addition, the Board itself notified Ms. Ruane that the Board's decision could be appealed to the Circuit Court. Record at tab 2 (Letter dated October 17, 1994). Because the definition of "case decision" contained in § 9-6.14:4(D) to allow an appeal, the Court denied the Motion to Dismiss. *See Johnston-Willis v. Kenley*, 6 Va. App. 231, 244 (1988).

Also as a preliminary matter, Ms. Ruane moved the Court to Restrict Testimony and Strike Defenses. The Court denied these motions after reviewing the record submitted by Ms. Ruane on the ground that the Board had not violated the Freedom of Information Act or the Virginia Administrative Process Act.

Every applicant for a Virginia broker's license must satisfy seven basic requirements (also applicable to salesperson applicants) and, in addition, (1) must meet the current educational requirements, and (2) "shall have been actively engaged as defined in § 1.1 of these Regulations as a real estate salesperson for a period of 36 of the 48 months immediately preceding application." VREB Regulation § 2.3.A.2 (the "Experience Requirement"). The General Assembly has expressly authorized the Board to waive any requirement under its regulations relating to education or experience when the broker "is found to have education or experience equivalent to that required." Va. Code Ann. § 54.1-2105. Relying on this authority, Ms. Ruane petitioned the Board to waive the Experience Requirement.

Ms. Ruane was a licensed broker in the state of Colorado from April 15, 1983, to December 31, 1983, when her license expired. From May 19, 1984, to December 31, 1985, and again from March 6, 1986, to October 12, 1987, Ms. Ruane held a sales license from the State of Louisiana. She completed 184 classroom hours of real estate course work at the University of Colorado[2] and 200 classroom hours at the Graduate Realtors Institute of Colorado. Ms. Ruane submitted letters from her employers in those

---

[2] Her courses included Real Estate Contracts, Advanced Real Estate Law, Real Estate Appraisal, Real Estate Finance, Real Estate Closings, Commercial and Investment Real Estate, Tax Factors in Real Estate, Revised Contracts, Innovative Financing, and a course on the use of the HP 38E/12C, a hand-held business computer.

states that were highly complimentary of her work in the real estate industry. In September of 1994, Ms. Ruane successfully completed a 45-hour Real Estate Broker Pre-License Course.

In 1988 Ms. Ruane obtained her law degree from American University in Washington, D.C. She has practiced law with well-known law firms in Washington and northern Virginia, including Hazel & Thomas, P.C. As a lawyer, her real estate experience included a wide variety of real estate transactions, real estate financing, acquisitions, and other real-estate related legal work.

This experience would seem to provide an ample basis for the waiver of the Experience Requirement. In this area, of course, the Court must accord considerable deference to the Board's resolution. Va. Code Ann. § 9-6.14:17; *Brown-Forman Corp. v. Sims Wholesale Co.*, 20 Va. App. 423, 457 S.E.2d 426 (1995). In this case, however, the minutes of the Board indicate that the Board denied Ms. Ruane's petition "as she does not meet the requirements of experience under Regulation [2.3.A.2]", the very fact that Ms. Ruane conceded when she petitioned for a waiver of the requirement. There was no finding of fact by the Board that Ms. Ruane's extensive real estate practice was insufficient to satisfy the Experience Requirement, nor does the record, taken as a whole, provide the Court with any basis for reviewing the Board's decision under the "substantial evidence" standard. *Virginia Real Estate Comm. v. Bias*, 226 Va. 164 (1983). While in similar circumstances agency action has been reversed, *Ames v. Town of Painter*, 239 Va. 343 (1990), the Court is of the opinion that this proceeding should be remanded to the Board for reconsideration of Ms. Ruane's petition consistent with this opinion. *Brown-Forman, supra; see Virginia Supermarkets v. George*, 18 Va. App. 452, 453 (1994).

A determination of whether or not to grant the waiver must address the application submitted by Ms. Ruane and findings must be made if the Board on remand decides to deny the waiver petition. In addition, the Board should state on the record whether or not it has a blanket policy whereby legal experience will not be considered as qualifying experience in making waiver determinations along with the findings that in the Board's opinion justify such a policy.