## CIRCUIT COURT OF FAIRFAX COUNTY

Bonnie C. Ruane

 v.

Virginia Real Estate Board

May 15, 1996

Case No. (Chancery) 142340

BY JUDGE THOMAS A. FORTKORT

This case came on to be heard on Bonnie C. Ruane's appeal from an adverse ruling of the Virginia Real Estate Board on her application for a broker's license. Ms. Ruane originally filed for a broker's license on September 27, 1994. On October 13, 1994, the Board denied Ms. Ruane's petition for a waiver of the experience requirement contained in VREB Regulation § 2.3.A.2. Ms. Ruane appealed that decision to the 19th Judicial Circuit. The Honorable M. Langhorne Keith ruled that the proceeding should be remanded to the Board for reconsideration of Ms. Ruane's petition consistent with (Judge Keith's) opinion.[1]

An informal hearing was held on September 11, 1995. Mr. Elbert B. Smith, Jr., prepared a report to the full Board recommending denial of Ms. Ruane's application; the copy of the report provided to the Court is unsigned and undated. On October 13, 1995, the Board denied Ms. Ruane's application, and she has appealed that decision again to the Circuit Court.

Ms. Ruane assigns several errors to the ruling of the Board:

(a) That it acted arbitrarily and capriciously;

(b) That it failed to base its findings on the evidence in the record;

(c) It denied the appellant due process;

(d) It failed to observe required procedure;

(e) It failed to carry out the legislative intent and purpose of the real estate licencing laws.

-----

[1] Ruane v. Virginia Real Estate Board, 36 Va. Cir. 420 (1995). [Reporter's Note]

The issue in this case is whether the Board acted capriciously in rendering its decision against Ms. Ruane's application. In the view of this Court, the Board did act arbitrarily and capriciously.

The Board split its decision into two separate areas of fact finding. The first part of their order, items 1 to 4 on page 1, merely sets forth those events which required Ms. Ruane to seek a waiver of the Virginia experience requirements.

The legal basis for the Board's refusal of her petition is outlined in seven findings on page 2 of the Board's order.

In the preface to the seven findings of fact, the Board states "Ms. Ruane has not performed in the following areas in any capacity, attorney or real estate agent, in any of the time periods for which she seeks credit under a waiver."

That sentence, of course, is similar to the first four findings of fact in that presumably if one met these criteria, there would be no need for a waiver of the recent experience requirement. The reference to any capacity either as *attorney* or real estate agent seems contrary to the evidence. Nevertheless, let us examine each of the Board's seven reasons for their findings.

(1) Ms. Ruane has not been involved in representing buyers or sellers as an agent; this assertion is totally contrary to the record.

(2) Ms. Ruane has not interacted with buyers and sellers. This assertion is totally contrary to the record.

(3) Ms. Ruane has had no involvement in agency, including escrow accounts. There is no support for this finding in the record.

(4) Ms. Ruane has no knowledge of the current active real estate market and no experience in this market. There is no support for this finding in the record.

(5) Ms. Ruane has had no experience marketing property, third party property, or the associated duties and responsibilities. If this statement is limited to the waiver period, it is true and irrelevant. If it is a general statement of her qualifications, it is contradicted by the record.

(6) Ms. Ruane has had no supervisory responsibilities of other agents, a responsibility inherent with a broker's license. If this statement is limited to the waiver period, it is true and irrelevant. If it is a general statement of her qualifications, it is contradicted by the record.

(7) Ms. Ruane has not continuously analyzed the real estate market for the last thirty-six months. There is no support in the record for this finding.

The mere outlining of the Board's findings suggests the capricious nature of its rulings. Findings 3, 4, and 7 concern issues which were not addressed at the Board hearing. Counsel for the Board in the hearing before this Court suggested that Ms. Ruane could have presented any evidence she chose before the Board and anything not answered, therefore, constituted a failure on her part to garner required evidence. This statement is ingenious but incorrect. In the common law there is a doctrine called *"Probandi necessitas encumbit illi qui aget."* The burden of proof of a proposition is upon him who advances it affirmatively. In short, one cannot claim that a fact has been established when the supposed fact has never been placed at issue. In each of these three "facts" cited by the Board, no one ever questioned the petitioner in this regard. One of the definitions for "arbitrary" is "not governed by any fixed rule or standard." See Black's Law Dictionary, sixth ed., p. 104.

The remainder of the Board's "facts" are either contradicted by the record or the detailed summary of her experience as an attorney dealing in real estate transactions during the period for which she sought a waiver. At the informal hearing, she asked the hearing officer if he wanted the exact dates of these transactions. He said it would not be necessary, yet the lack of dates appears as a negative comment in the Board's order.

A casual review of the Board order clearly reveals the arbitrary and capricious nature of its findings and lends credence to the claim that the Board has a policy of not granting waivers for any reason. The Board's setting forth as "findings" those uncontested facts which constitute the need for a waiver may just be an example of poor writing. On the other hand, it suggests the mood of a Board pre-disposed to reject all waiver applications, an attitude not belied by an examination of the record and findings in this cause.

This case is once again remanded to the Board of Realty and its order is set aside. While the Court cannot dictate to the Board what its decision should be; reason, common sense, and justice suggest only one available course.